AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 DEC 18 AM 10: 39
DEPUTY CLERK _jd_

| United States of America | ) |
| v. | ) |
|  | ) Case No. |
| Larry Rodriguez | ) |
| Isaac Rodriguez | ) **1-19MJ-0108** |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___December 13, 2019___ in the county of ___Nolan___ in the ___Northern___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C) | Possession with Intent to Distribute Cocaine |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_Ricardo Garcia_
*Complainant's signature*

Ricardo Garcia, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/15/19

_John R. Parker_
*Judge's signature*

City and state: ___Abilene, Texas___   John R. Parker, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ricardo Garcia, after being duly sworn, depose and say as follows:

## I.   Introduction

1. My name is Ricardo Garcia, I am an investigative or law enforcement officer for the United States, within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to investigate and arrest persons for offenses enumerated in 18 U.S.C. § 2516.

2. I have been employed as a Texas Peace Officer with the Texas Department of Public Safety since 2009, and I am currently assigned as a Task Force Officer with the Drug Enforcement Administration, Lubbock Resident Office. I have been a Task Force Officer with the DEA since February 2018. From 2001 to 2008, I was a police officer with the Lamesa (Texas) Police Department. From 2009 to 2015, I was assigned as a Texas Department of Public Safety State Trooper. From 2015 to current, I have been assigned as a Special Agent with the Texas Department of Public Safety. I have received training in investigating drug offenses, drug conspiracies, and financial crimes, undercover operations, visual and electronic surveillance, interviewing confidential sources, executing searches and seizures, writing affidavits to support arrest and/or search warrants, recognizing drugs, exploiting communication devices, use of force, clandestine laboratory and laboratory procedures, internet investigation training, and asset forfeiture training.

3.  Based on my training and experience, I am familiar with the ways drug trafficking organizations (DTO's) conduct their business. My familiarity includes the methods by which DTO's illegally smuggle, distribute, and transport narcotics; their use of cellular telephones and stored-value cards to facilitate narcotic and cash smuggling activities; and their use of numerical codes and code words to conduct narcotic transactions. I am also familiar with the ways that DTO's conceal, convert, transmit, and transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

## II. Probable Cause

4.  I have probable cause to believe that Larry Rodriguez and Isaac Rodriguez have violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance.

5.  The following information is based on my own observations, information received from other DEA agents, and information provided to me by other law enforcement officers involved in the investigation. Since I am submitting this affidavit for the limited purpose of establishing probable cause, I have not included every fact known to me and other investigators. Rather, I am only submitting the facts necessary to establish probable cause that Larry Rodriguez and Isaac Rodriguez knowingly and intentionally possessed with the

intent to distribute a mixture and substance containing a detectable amount of cocaine.

### III. Background

6. On December 13, 2019, at approximately 2:01 a.m., Texas Department of Public Safety State Trooper John Gramling conducted a traffic stop in Nolan County, Texas, on Interstate 20, mile post 240, for a vehicle following a vehicle at an unsafe distance.

7. The vehicle stopped by Trooper Gramling is a white, 2017, Chrysler 300 passenger car displaying Texas license plate MGK9080. This vehicle is registered to Ivan Campa from Fabens, Texas. The driver of the vehicle was later identified as Larry Rodriquez (L. Rodriguez) and the front passenger was later identified as Isaac Rodriquez (I. Rodriquez). L. Rodriquez has a past criminal arrest for possession of controlled substance, penalty group 1, 4-200 grams, in 2012, and in 2016 was sentenced to ten years probation.

8. During the roadside traffic stop and contact with I. Rodriguez, Trooper Gramling observed I. Rodriguez to display facial expressions that indicted I. Rodriguez was worried about something. I. Rodriguez and L. Rodriguez informed Trooper Gramling that they were both headed to a wedding in Dallas. I. Rodriguez informed Trooper Gramling that they (I. Rodriguez and L. Rodriguez) would be in Dallas for a day or two and they (I. Rodriguez and L. Rodriguez) would be staying at a friend's house whose name is "Jessie." I. Rodriguez was

Affidavit - 3

uncertain in his answers with Trooper Gramling. I. Rodriguez also did not know the last name of "Jessie." I. Rodriguez also did not know the name of the person getting married in Dallas.

9. L. Rodriguez admitted to Trooper Gramling that he (L. Rodriguez) had followed the vehicle in front of L. Rodriguez too closely. L. Rodriguez stated that the vehicle belonged to his (L. Rodriguez's) brother. Trooper Gramling also observed that L. Rodriguez seemed excited in his tone and uncomfortable with facial expressions. L Rodriquez stated to Trooper Gramling that I. Rodriguez was a friend from school, although L. Rodriguez is approximately 35 years old and I. Rodriguez is approximately 21 years old. L. Rodriguez stated that L. Rodriguez had been arrested in the past for cocaine and continued to exhibit a nervous demeanor including heavy breathing. When asked why L. Rodriguez seemed nervous, L. Rodriguez laughed and stated he (L. Rodriguez) was always like this with cops. L. Rodriguez was deceptive with their (L. Rodriguez and I. Rodriguez) travel plans.

10. A records check also showed I. Rodriguez to have a previous drug arrest. When asked by Trooper Gramling, L. Rodriguez denied there being anything illegal in the vehicle, including firearms, because L. Rodriguez was a convicted felon. Based upon Trooper Gramling observations, training, and experience, Trooper Gramling had reason to believe I. Rodriguez and L.

Affidavit - 4

Rodriguez were involved in criminal activity and asked for consent to search the vehicle. L. Rodriguez consented to the search.

11. During the search of the vehicle, Trooper Gramling located a white bag which contained assorted clothing. While searching the white bag, Trooper Gramling located a pair of blue jeans which were folded and concealed two (2) large bricks wrapped with black electrical tape. Trooper Gramling observed the bricks to be packaged and taped in a manner consistent with what Trooper Gramling recognized to be a large quantity of drugs based upon Trooper Gramling's training and experience. Due to what Trooper Gramling had located inside the vehicle and for officer safety, Trooper Gramling detained I. Rodriguez and L. Rodriguez. I. Rodriguez and L. Rodriguez were relocated to the Sweetwater, Texas, Highway Patrol Office with the assistance of other officers.

12. While speaking to I. Rodriguez, I. Rodriguez claimed ownership of the white bag and bricks to Trooper Gramling, and I. Rodriguez admitted to Trooper Gramling that the bricks were cocaine. I. Rodriguez admitted to Trooper Gramling that there were four (4) kilograms of cocaine, total, and denied that L. Rodriguez had anything to do with the drugs. I. Rodriguez stated he was trying to make money for Christmas. I. Rodriguez then admitted to being paid $3,000 to transport the drugs, but denied having any of the money with I. Rodriguez. I. Rodriguez stated I. Rodriguez was only dropping off the cocaine and was not

going to bring back any money. I. Rodriguez stated that L. Rodriguez used to traffic drugs also, but not anymore.

13. Trooper Gramling continued a probable cause search of the vehicle and located a tan Eastwest brand backpack with clothes and two (2) more bricks concealed within the blue jeans beside the front passenger seat in the floorboard. The bricks were consistent in size, shape, and labeling with the original two (2) bricks. This backpack was the only one in the car and I. Rodriguez had earlier stated to Trooper Gramling that I. Rodriguez had placed "backpacks" in the car. These additional two (2) bricks also created a total of approximately four (4) kilograms, which was consistent with what I. Rodriguez had identified as being in the car.

14. L. Rodriguez was provided his *Miranda* warnings and also agreed to speak with agents. L. Rodriguez admitted to being paid $2,500 to transport the cocaine located in the vehicle. Both L. Rodriguez and I. Rodriguez confessed to knowledge of the cocaine as well as their possession of the cocaine and intent to deliver it. Both L. Rodriguez and I. Rodriguez were placed under arrest for state charges related to possessing the cocaine.

## CONCLUSION

Based upon the information contained in this affidavit, I believe that there is probable cause to believe Larry Rodriguez and Isaac Rodriguez have committed a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that is, possession with the

intent to distribute a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance.

_____
Ricardo Garcia
DEA Task Force Officer

Sworn to before me on December 18th, 2019.

_____
JOHN R. PARKER
United States Magistrate Judge
Northern District of Texas

Affidavit - 7